IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE HORNSBY,<br><br>    Plaintiff,<br><br>  v.<br><br>LITTON LOAN SERVICING, et al.,<br><br>    Defendants.<br>_____ / | No. C 10-04928 JSW<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

On October 29, 2010, Plaintiff Annette Hornsby filed a Complaint, in which she alleges claims for quiet title, declaratory relief, injunctive relief, and constructive trust, arising out of what she claims to be the wrongful foreclosure of real property located at 950 Harrison Street, #207, San Francisco, California (the "Subject Property"). (*See generally* Complaint.) According to Ms. Hornsby, the property has been sold and Defendants are now pursuing an unlawful detainer action against the tenants, which was scheduled for October 28, 2010. (*See* Compl., at p. 11, ¶ 7; Declaration of Annette Hornsby ("Hornsby Decl."), ¶ 16.) According to both the Complaint and Ms. Hornsby's declaration, the Subject Property is not Ms. Hornsby's residence. Rather, it is a rental property from which she receives income. (Compl., ¶ 7; Hornsby Decl., ¶¶ 2, 15-16.) Ms. Hornsby argues that a temporary restraining order is required, because the property is a "unique income producing asset." (*See* Application for a Temporary Restraining Order at 3:3-6.)

In order to obtain a temporary restraining order, as with a preliminary injunction, Ms. Hornsby "must establish that [she is] likely to succeed on the merits, that [shi is] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her]

United States District Court
For the Northern District of California

1  favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense*
2  *Council*, 129 S. Ct. 365, 374 (2008) (citations omitted). The *Winter* court also noted that
3  because injunctive relief is "an extraordinary remedy" it "may only be awarded upon a clear
4  showing that the plaintiff is entitled to such relief." *Id.* at 375-76 (citing *Mazurek v. Armstrong*,
5  520 U.S. 968, 972 (1997) (*per curiam*)). Thus "[i]n each case, courts 'must balance the
6  competing claims of injury and must consider the effect on each party of the granting or
7  withholding of the requested relief.' *Id*. at 376 (citing *Amoco Production Co. v. Gambell*, 480
8  U.S. 531, 542 (1987)). "'In exercising their sound discretion, courts of equity should pay
9  particular regard for the public consequences in employing the extraordinary remedy of
10 injunction.'" *Id.* at 376-77 (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

11        In this case, it is undisputed that the Subject Property already has been sold, and it is
12 undisputed that it is not Ms. Hornsby's primary residence. Courts have recognized that real
13 property is unique and have concluded that, in certain circumstances, foreclosure may constitute
14 irreparable harm. *See, e.g., Mandrigues v. World Savings, Inc.*, 2009 WL 160213 at *3 (N.D.
15 Cal. Jan. 20, 2009). For example, a court has found that a plaintiff made a showing of
16 irreparable harm where the defendants intended to foreclose upon his primary residence, his
17 father was severely ill and resided with him, and where foreclosure would eliminate his right to
18 rescind the loan transaction. *See Nichols v. Deutsche Bank Nat. Trust Co.*, 2007 WL 4181111
19 at *2 (S.D. Cal. Nov. 7, 2007) (citing *Sundance Land Corp. v. Comty First Fed. Sav. & Loan*
20 *Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988)). In contrast, other courts have concluded that a
21 plaintiff could not show irreparable harm where the "record suggests that [the plaintiff] sought a
22 loan beyond her financial means and expectation of job loss," *Alcaraz v. Wachovia Mortgage*
23 *FSB*, 2009 WL 30297 at *4 (E.D. Cal. Jan. 6, 2009), or where a plaintiff has not taken the
24 opportunity to mitigate the risk of foreclosure by accepting remedies offered by the lender. *See*
25 *Parker v. U.S. Dep't of Agriculture*, 879 F.2d 1362, 1367-68 (6th Cir. 1989).

26        Under the facts of this case, the Court concludes that Ms. Hornsby has not met her
27 burden to show she will suffer irreparable harm. Accordingly, for the foregoing reasons, Ms.
28 Hornsby's request for a Temporary Restraining Order is DENIED. If Ms. Hornsby seeks to file

2

a request for a preliminary injunction, she shall do so by way of a properly noticed motion on an open and available date on this Court's motion calendar.

**IT IS SO ORDERED.**

Dated: November 1, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANNETTE HORNSBY,

    Plaintiff,

v.

LITTON LOAN SERVICING et al,

    Defendant.

Case Number: CV10-04928 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 1, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Annette Hornsby
2319 Benington Drive
Vallejo, CA 94591

Dated: November 1, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk