IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE HORNSBY,<br><br>    Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING, ET AL.,<br><br>    Defendants. | No. C 10-04928 JSW<br><br>**THIRD ORDER TO SHOW CAUSE** |

The Court is in receipt of Plaintiff Annette Hornsby's motion to file a second amended complaint ("SAC") and her response to this Court's Second Order to Show Cause. A motion to file leave to amend is a noticed motion which must be filed in accordance with Northern District Local Civil Rule 7, including the requirement to notice the motion for a hearing at least thirty-five days after service of the motion. Moreover, upon review of Plaintiff's proposed SAC, it appears as though federal subject matter jurisdiction is lacking.

Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a

1  party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).
2  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing
3  the contrary rests upon the party asserting jurisdiction. *Id.* at 377. The United States is not a party
4  to this case. Although Plaintiff has not alleged the citizenship of each of the parties, it appears
5  evident from the fact of her complaints that she is a resident of California and that some, if not all, of
6  the Defendants would be California citizens. Thus, complete diversity does not exist.

7  Additionally, having reviewed the facts alleged in the second amended complaint, it appears
8  as though Plaintiff's only federal claim is time barred. Without a valid federal claim, this Court
9  lacks jurisdiction over this action. In her second amended complaint, Plaintiff clarifies that her
10 claims stem from a loan that she obtained in December of 2003. Plaintiff's only federal claim is one
11 under the Real Estate Procedures Settlement Act ("RESPA"). It is unclear which provision of
12 RESPA Plaintiffs contend Defendants violated. RESPA is governed by a one or three year statute of
13 limitations, depending on the alleged violation, that commences on the date the alleged violation
14 occurred. *See* 12 U.S.C. § 2614. However, because Plaintiff's RESPA claim pertains to actions that
15 occurred in December of 2003, when Plaintiff signed the loan documents, Plaintiff's RESPA claim
16 is time-barred regardless of what provision of RESPA Plaintiff contends Defendants violated.

17 Although the Ninth Circuit has not addressed the question of whether equitable tolling is
18 available under RESPA, several district courts have determined that equitable tolling is available.
19 *See Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009). Assuming that
20 equitable tolling applies to the RESPA claim, Plaintiff has not alleged facts that would demonstrate
21 why she did not have a reasonable opportunity to discover the alleged violations within the
22 limitations period. *See Pineda v. Wash. Mut. Bank, FA*, 2011 WL 249486, at *5 (N.D. Cal. Jan. 25,
23 2011) (declining to toll the limitations period for the plaintiffs' RESPA claim because they failed to
24 provide facts to support the conclusion that "the facts surrounding this loan transaction were
25 purposefully hidden and continue to be hidden from them").

26 Therefore, Plaintiff is HEREBY ORDERED TO SHOW CAUSE ("OSC") in writing, by
27 **July 22, 2011**, why this action should not be dismissed for lack of jurisdiction. Specifically,
28 Plaintiff shall address what facts, if any, she could allege that would support tolling the statute of

limitations on her RESPA claim.  If Plaintiff can demonstrate that this Court has jurisdiction, the Court will set her motion for leave to amend for a hearing.  Plaintiff is admonished that her failure to respond this Order by **July 22, 2011**, will result in a dismissal of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: June 24, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANNETTE HORNSBY,

    Plaintiff,

  v.

LITTON LOAN SERVICING et al,

    Defendant.
                                      /

Case Number: CV10-04928 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 24, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Annette Hornsby
2319 Benington Drive
Vallejo, CA 94591

Dated: June 24, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk